UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV00049AGF |
| ) | |
| JANITRON MAINTENANCE ) | |
| MANAGEMENT SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court[1] on Plaintiff's motion for appointment of counsel [Doc. #4] and Defendant's motion to dismiss [Doc. #9]. The Court addresses Plaintiff's motion first, noting that there is no constitutional or statutory right to the appointment of counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). When considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Id. at 1005.

Plaintiff, who was formerly employed by Defendant, alleges that he was discriminated against based on his race, color, age, and disability, that he was treated differently than similar employees, and that he was harassed by Defendant. The

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

1

Complaint sets forth the facts upon which this claim is based and Plaintiff has articulated circumstances surrounding his claim, as well as Defendant's knowledge of his particular situation. The facts of this case do not appear to be so complex that Plaintiff is unable to pursue this action without the assistance of counsel.

Therefore, having considered the factual complexity of the case, the ability of Plaintiff to investigate the facts, the potential existence of conflicting testimony, the ability of Plaintiff to present his claim, and the complexity of the legal issues involved in this case, see Johnson v. Williams, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time and denies Plaintiff's motion.

The Court now turns to Defendant's motion to dismiss. Defendant argues that the allegations contained in Plaintiff's complaint which are not related to the allegations contained in Plaintiff's charge filed with the Equal Employment Opportunity Commission ("EEOC") should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed a response.

The Court addresses the jurisdictional arguments raised by Defendant's motion to dismiss first and finds that administrative prerequisites to court actions for employment discrimination are not of a jurisdictional nature. Briley v. Carlin, 172 F.3d 567, 570 (8th Cir. 1999). Therefore, Plaintiff's complaint is not subject to dismissal for lack of subject matter jurisdiction. Id. Accordingly, the Court now considers Defendant's motion under

the standards applicable to Rule 12(b)(6).

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. Peck v. Hoff, 660 F.2d 371, 374 (8th Cir. 1981). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). When ruling on a motion to dismiss, this Court must take all the allegations of the complaint as true and liberally construe the allegations made in the complaint and all reasonable inferences arising from those allegations in a light most favorable to the plaintiff. Morton, 793 F.2d at 187. A motion to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id. "Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion." Id. "However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." Id.

Title VII and the Missouri Human Rights Act ("MHRA")[2] require a plaintiff to exhaust his administrative remedies by filing a Charge of Discrimination with the EEOC. Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996). "It is generally recognized

---

[2] The standards governing Title VII actions are the same standards which should be employed in determining the merit of claims brought pursuant to the MHRA. Buettner v. Arch Coal Sales Co., Inc., 216 F.3d 707, 715 n8 (8th Cir. 2000).

3

that 'exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" Duncan v. Delta Consol. Industries, Inc., 371 F.3d 1020, 1024 (8th Cir. 2004) (quoting Shannon, 72 F.3d at 684). Once a charge has been filed with the EEOC and the employee receives a letter indicating he has the right to sue with regard to the claims raised in the EEOC charge, the employee has exhausted his administrative remedies and may file suit in federal court. Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002). The employee is limited, however, to pleading only claims which are "like or related" to the substance of the employee's charge before the EEOC. Satz v. ITT Financial Corp., 619 F.2d 738, 741 (8th Cir. 1980).

"Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988). "Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" Id. (quoting Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir. 1985)). "Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000).

In this case, Plaintiff attached the "Charge of Discrimination" he filed with the

Missouri Commission on Human Rights to the complaint he filed in this Court. As such, the Court may consider it when analyzing Defendant's motion to dismiss. In that charging document, Plaintiff asserts:

> I. I was hired by Janitron on December 17, 2005, as a Supervisor. I was suspended from my position on December 19, 2006, and then terminated on December 21, 2006. I am African-American and 47 years old. I was replaced by a younger employee. I was accused of threatening one of my employees.
>
> II. On December 21, 2006, I was informed by Mr. Scott Baker, Human Resources Manager, that I was being terminated because I had threatened an employee.
>
> III. I believe that I have been discriminated against by being discharged on the basis of my race, black, and age in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act.

Defendant argues, however, that Plaintiff makes allegations in his complaint which are not "like or related" to the substance of these EEOC charges. Specifically, Defendant seeks dismissal of Plaintiff's allegations that:

> (1) he was subjected to terms and conditions of employment different from those of similarly situated employees;
>
> (2) he was subjected to unlawful harassment;
>
> (3) he was discriminated against based on color; and
>
> (4) he was discriminated against based on his disability.

When the Court compares Plaintiff's EEOC charge of discrimination with the allegations Defendant seeks to dismiss, the Court agrees that Plaintiff's allegations that he was treated differently than other employees, that he was harassed, and that he was

5

discriminated against because of his disability are not "like or related" to his EEOC charge. Even when construing these allegations liberally, the Court cannot find that the scope of the EEOC's investigation could have included these allegations.

As the Eighth Circuit has acknowledged in similar cases, however, this Court is "mindful" that Plaintiff is a pro se litigant. As such,

> '[c]ourts should not use Title VII's administrative procedures as a trap for unwary pro se civil-rights plaintiffs.... We, ... therefore, when appropriate, construe civil-rights and discrimination claims charitably.' [Citation omitted]. Even so, 'there is a difference between liberally reading a claim which lacks specificity and inventing, *ex nihilo*, a claim which simply was not made.'

Duncan, 371 F.3d at 1025, quoting Shannon, 72 F.3d 685.

Since it is undisputed that Plaintiff failed to make the claims referenced above in his EEOC charge, Plaintiff has failed to exhaust his administrative remedies with regard to those claims and cannot bring them before this Court now. Accordingly, those claims are dismissed.

The Court declines, however, to dismiss Plaintiff's claim that he was discriminated against based on "color." Defendant argues that Plaintiff's claim based on "color" must be dismissed because it was not included in Plaintiff's EEOC charge. The Court finds this argument disingenuous. "Race" and "color" are often used in conjunction. Holmes v. County of Cook, No. 03-C-4772, 2006 WL 208706, at *7 (N.D. Ill. Jan. 24, 2006). More often than not, they are used interchangeably to reference the same basis of discrimination. As such, "the court assumes that the allegation of color discrimination is

6

like or reasonably related to the claim for race discrimination and thus is not outside the scope of the EEOC charge." Id.

The Court also notes that this case is distinguishable from the Eighth Circuit's recent opinion in Miles v. Bellfontaine Habilitation Center, No. 06-2318, 2007 WL 1075655 (8th Cir. April 12, 2007). In Miles, the plaintiff "stated in her form complaint that she filed a charge with the EEOC concerning the alleged discrimination and retaliation described in her complaint, and she attached a right-to-sue letter the EEOC issued..." Id. at *1. However, the plaintiff did not attach, nor was she required to attach, her EEOC charge to her complaint. Id. Therefore, the defendant could not prove that she had failed to exhaust her administrative remedies. Id. As such, the Eighth Circuit found that the district court improperly dismissed the plaintiff's Title VII complaint for failure to plead sufficiently that she had exhausted her administrative remedies. Id.

Since Plaintiff in this case has attached his EEOC charge and the Court may properly consider it when ruling on Defendant's motion to dismiss, the Court finds that Defendant has proven that Plaintiff has failed to exhaust his administrative remedies with regard to the three specific claims listed above.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. #4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [Doc. #9] is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion is granted without prejudice with regard to Plaintiff's claims that he was subjected to terms and conditions of employment different from those of similarly situated employees, that he was subjected to unlawful harassment, and that he was discriminated against based on his disability. Defendant's motion is denied with regard to Plaintiff's claim that he was discriminated against based on "color."

                                                                                                   */s/ Audrey G. Fleissig*
                                                                                                  AUDREY G. FLEISSIG
                                                                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of April, 2007.